## MARTIN DRAPER, JR. *vs.* ALLEN PUTNAM & another.

If, in order to enable himself to purchase property which is subject to a mortgage, the purchaser agrees to pay the notes which are held by the mortgagee, and accordingly indorses them, and afterwards, being solvent, executes a deed of trust for the payment of all his debts, the holder of the notes, having ratified the deed of trust during the continued solvency of the grantor, may, upon the grantor's subsequent insolvency, maintain a bill in equity against the trustee to compel him to execute the trust and pay the notes, if he has sufficient funds in his hands for that purpose; and the fact that the holder of the notes has commenced a suit at law upon them against the indorser is immaterial.

BILL IN EQUITY, alleging that the plaintiff was the holder by indorsement and assignment of several promissory notes given by Robert J. French, and secured by a mortgage of certain personal property, which contained a provision that the mortgagor should not sell the same without the written consent of the mortgagee; that Henry H. Richardson, one of the defendants, was desirous of purchasing the property, subject to the mortgage, and, in consideration of the plaintiff's consent thereto, agreed to pay to the plaintiff the said notes, and accordingly indorsed the same, and purchased and took possession of the property ; that afterwards, on the 23d of April 1860, said Richardson, having more than sufficient property to pay all the debts which he then owed, executed to the defendant Putnam a deed of certain real estate in trust, 1st, for the payment of all the debts which he then owed, with power to sell such portions of the estate as the trustee should deem most for the interest of all concerned, and 2dly, to appropriate the income of the residue for the support of said Richardson and his family during life,

with a further provision for the disposition thereof after his death; that said Richardson did not pay the plaintiff's notes at their maturity; that the plaintiff afterwards foreclosed his mortgage, and applied the proceeds of the property in part payment of his notes; that in June 1860 the plaintiff requested Putnam to pay to him the balance due thereon; that Putnam paid all the other debts which said Richardson owed at the time of the execution of the deed of trust except the plaintiff's, and, the said Richardson objecting, did not pay the plaintiff's debt; that in April 1861 the plaintiff commenced an action against Richardson upon the notes; and that in November 1861 proceedings in insolvency were instituted by Richardson, and Putnam was appointed as his assignee. The prayer was, that the trustee might be ordered to render an account of his doings under the deed of trust, and to pay to the plaintiff the balance due upon his notes, and for further relief.

The defendants filed a demurrer, assigning for causes, 1st, that the plaintiff has a remedy at law; 2dly, that it is not alleged in the bill that Richardson ever promised in writing to pay the plaintiff's notes; 3dly, that the plaintiff was not a party or privy to the deed of trust, and that the trust was voluntary and inoperative against the existing creditors of Richardson; and 4thly, that it is not alleged that the plaintiff ever recovered judgment against Richardson in the action mentioned in the bill. The case was reserved for the determination of the whole court.

*W. S. Leland,* for the defendants, cited *Wyles* v. *Beals,* 1 Gray, 233; *Edwards* v. *Mitchell,* Ib. 239; *Zipcey* v. *Thompson,* Ib. 245; *Ward* v. *Lewis,* 4 Pick. 518.

*F. Woodside,* for the plaintiff, cited 2 Story on Eq. § 1037; *Hobart* v. *Andrews,* 21 Pick. 533; *First Congregational Society in Raynham* v. *Trustees, &c. in Raynham,* 23 Pick. 148; *Bryant* v. *Russell,* Ib. 519; *Alger* v. *Scoville,* 1 Gray, 391.

BIGELOW, C. J. The causes assigned in support of the demurrer are insufficient to bar the plaintiff of the relief in equity which he seeks by his bill.

1. The facts alleged show that the plaintiff has a valid claim

against Richardson, and that he may justly be considered as a creditor within the true intent and meaning of the trust deed set out in the bill. The promise alleged was not a mere promise to pay the debt of another, but it was a new and original promise for a valuable consideration to pay certain specific sums of money for which another person was also liable. This was not a collateral promise, and for that reason invalid. The leading purpose of the promise was to secure to the party making the promise a benefit which he did not before enjoy, accruing immediately to himself. Such a promise is not within the statute. *Nelson* v. *Boynton*, 3 Met. 396, 402. *Curtis* v. *Brown*, 5 Cush. 488. *Alger* v. *Scoville*, 1 Gray, 391, 396. But perhaps a better and more decisive answer to this ground of demurrer is, that the promise was, in legal effect, in writing. By putting his name on the back of the notes signed by French, for a valuable consideration, Richardson empowered the plaintiff to write over his signatures a promise to pay the several sums for which the notes were given, in conformity with the stipulations agreed upon between the parties, in pursuance of which the signatures on the backs of the notes were written.

2. The plaintiff, although not a party to the trust deed set out in the bill, has nevertheless, by ratifying and affirming its provisions, become privy thereto, and has a right to claim the enforcement and execution of the trust as a *cestui que trust* entitled to the benefit of the stipulations assumed by the defendant in behalf of the creditors of the grantor. It is well settled that a trust may be created for the benefit of third persons without their knowledge or assent at the time, and that a trust so created may be afterwards affirmed and its execution enforced in behalf of those for whose use and behoof it was intended. When thus affirmed, the parties creating the trust have not the power to vary or annul it, without the assent of those who, by ratifying the provisions of the trust deed, have become *cestuis que trust*. Hill on Trustees, (3d Amer. ed.) 81, *n*. *Ward* v. *Lewis*, 4 Pick. 518. *Bryant* v. *Russell*, 23 Pick. 508, 520. By the allegations in the bill, it appears that the plaintiff, as early as the month of June 1860, ratified, affirmed and adopted the

trusts created and declared by the trust deed, and thus became entitled to the benefit thereof.

3. It does not appear by the allegations in the bill that the trusts contained in the deed were void when created by the grantor, or when accepted by the plaintiff, as being a violation of the provisions or in contravention of the policy of the statute regulating the assignment and distribution of the property of insolvent debtors. It would have been so very clearly, if the grantor was insolvent at the time when the deed was executed and delivered, and perhaps it might be held to be invalid as to the plaintiff, if the grantor was insolvent at the time of its acceptance and affirmation by the plaintiff. But it does not appear by the averments in the bill that the grantor was insolvent at either of those periods of time. For aught that appears he was then perfectly solvent. Indeed, we cannot know that there were any creditors to whom he then owed debts, except the plaintiff and those whose claims have been paid in full out of the proceeds of the sale of a part of the property conveyed by the trust deed, as stated in the bill. If such was the fact, then it is clear that the conveyance in trust was valid. All the existing creditors, who might have avoided it, have ratified and confirmed the trust. As to them the maxim *volentibus non fit injuria* is applicable. As to subsequent creditors, there has been no fraud committed or right violated which entitles the assignee of the grantor to avoid the deed and invalidate the trust. A party who is solvent has a right to dispose of his property either by gift or grant, as he pleases. *Norton* v. *Norton*, 5 Cush. 524. *Thacher* v. *Phinney, ante*, 146. And the rights of parties acquired under such a conveyance cannot be divested or taken away by his subsequent insolvency, in behalf of creditors whose claims have accrued after the delivery of the deed. It is only as to existing creditors that conveyances made to hinder and defraud them, or for the purpose of disposing of property in a manner which tends to defeat the operation of the insolvent laws, are held to be voidable. *Wyles* v. *Beals*, 1 Gray, 233. *Edwards* v. *Mitchell*, Ib. 239.

4. The action at law commenced by the plaintiff against Richardson, to obtain a judgment for the amount due on the

notes, as set out in the bill, is no bar to the maintenance of this suit. It does not operate as a conclusive election of remedies by which the plaintiff is shut out from claiming the benefit of the trust. On the contrary, the prosecution of the suit at law is perfectly consistent with the plaintiff's right to enforce the trust. He might well pursue his action at law in order to establish the validity of his claim as a creditor, and by obtaining a judgment for the amount of his debt to make it certain that he was entitled to receive at the hands of the trustee the benefit of the provisions contained in the deed of trust.

5. The plaintiff had no adequate remedy at law. A suit in equity is the only complete method of enforcing the trust declared in the deed, by compelling the trustee to make sale of the trust property, to account for the proceeds and pay to the plaintiff the sum which may be due to him as his share thereof.

*Demurrer overruled.*